```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


UNITED STATES OF AMERICA,   )
                            )
      v.                    )
                            )  1:11cr199 (JCC)
EDWARD MACAULEY, et al.,    )
                            )
    Defendants.             )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Theophilus Akwei's Motion to Sever and/or for Continuance [Dkt. 76], Defendant Joseph Duodo's Motion for Bill of Particulars [Dkt. 42] and Motion for Disclosure of Co-Conspirators [Dkts. 39, 41], and the Government's Motion to Exclude Polygraph Evidence [Dkt. 75]. For the following reasons, the Court will deny Defendants' motions and grant the Government's motion.

### I.  Background

On April 28, 2011, a grand jury sitting in the Eastern District of Virginia returned a multiple count indictment against Defendants Edward Macauley, Nuru [Last Name Unknown], Frank Ehiobe, Fred Oppong Brobbey, William Andoh, Theophilus Akwei, Joseph Duodo, and Matilda Antwi (collectively, the "Defendants"). [Dkt. 1.] In the superseding indictment [Dkt. 63], Defendants were indicted for different combinations of six

counts. Count One is violation of 21 U.S.C. § 963 (conspiracy to import heroin). Counts Two, Three, Four, and Five are violations of 21 U.S.C. §§ 959(a), 960 (distribution for purpose of unlawful importation of heroin). Count Six is violation of 21 U.S.C. § 841 (possession with intent to distribute heroin). Akwei and Duodo were both charged with violating Counts One, Four, and Six.[1] Joint trial is set for November 15, 2011.

On July 29, 2011, Duodo moved for disclosure of co-conspirators. [Dkts. 39, 41.] Then, on August 2, 2011, Duodo filed a motion for a bill of particulars. [Dkt. 42.] On September 21, 2011, Akwei moved for severance and/or for continuance of the trial date. [Dkt. 76.] The Government opposes these motions. [Dkts. 53, 57, 77.] The Government also moves to exclude polygraph evidence as to Akwei. [Dkt. 75.] This motion is unopposed.

Akwei and Duodo's motions and the Government's motion are before the Court.

## II. Motion to Sever and/or for Continuance

A. <u>Standard of Review</u>

Federal Rule of Criminal Procedure 14 allows for the severance of defendants' trials when "joinder of offenses or defendants in an indictment . . . or a consolidation for trial

---

[1] Duodo's motion for a bill of particulars was based on the superseded indictment, in which Duodo was charged with violating Counts One, Four, and Five.

2

appears to prejudice a defendant." Fed. R. Crim. P. 14(a).  A defendant is not, however, entitled to severance merely because he might have had a better chance of acquittal in a separate trial.  *United States v. Lighty*, 616 F.3d 321, 348 (4th Cir. 2010).  And when a motion for severance "is based on the asserted need for a codefendant's testimony, the moving defendant must establish (1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of his co-defendant's testimony, and (4) the exculpatory nature and effect of such testimony." *United States v. Parodi*, 703 F.2d 768, 779 (4th Cir. 1983).  If the moving defendant meets this burden, the court should then "(1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motion, and (5) consider the likelihood that the co-defendant's testimony could be impeached." *Id.*

    B.   Analysis

        1.   Severance

Akwei argues that the trial of his case should be severed from that of the co-defendants because he needs time to

obtain potentially significant exculpatory evidence. Specifically, he asserts that one or more co-defendants currently in Ghana undergoing extradition would generally provide testimonial evidence that Akwei had no knowledge of the heroin conspiracy and had no knowledge that any of his conduct was related to the conspiracy. The Government opposes the motion arguing that there is no reason to believe that the co-defendants in Ghana will exculpate Akwei.

The Government argues that Akwei has not met his initial burden of establishing a likelihood that the co-defendants in Ghana would testify at a second trial or establishing the exculpatory nature and effect of such testimony. The Government points out that there is no evidence to suggest that these co-defendants would take the stand, much less do so in defense of Akwei. The Government further argues that Akwei has offered merely his speculation about the kind of testimony the co-conspirators in Ghana might provide.

This Court agrees. There is nothing to suggest a "reasonable probability . . . that the proffered testimony would, in fact materialize" and that the "co-defendant would have waived his Fifth Amendment right." *Parodi*, 703 F.2d at 780. And "[t]he requirement that the movant establish the 'exculpatory nature and effect' of the co-defendant's testimony demands more than a 'vague and conclusory' statement of counsel

4

of facts 'of purely cumulative or negligible weight or probative value.'" *Id.* (quoting *United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir. 1980)). This is the case here, especially as there is no suggestion as to why the defendants in Ghana would exculpate Akwei when the ones in the United States will not. Motions for severance premised on the absence of a co-defendant's testimony must be accompanied by more than a bare, unsupported contention that a separate trial would afford exculpatory testimony. Thus, the motion for severance is denied.

## 2. Continuance of the Trial Date

Akwei also asks this Court for a continuance of the trial date. The decision to grant a motion for continuance is committed to the trial court's discretion. *United States v. Williams*, 445 F.3d 724, 738-39 (4th Cir. 2006). Pursuant to Local Rule 7(G), the Court will not grant motions for continuances of a trial or hearing date "other than for good cause and upon such terms as the Court may impose." Akwei argues for a continuance for the same reason he argues for severance – to gain time to potentially obtain testimony of co-defendants currently in Ghana. This Court has already determined that proceeding to trial on November 15, 2011 serves the best interests of justice, particularly as the Government cannot assure the appearance of the Ghanaian defendants at any

5

particular point in time.  Accordingly, the motion for continuance is denied.

### III. Motion for Bill of Particulars

A. Standard of Review

Pursuant to Federal Rule of Criminal Procedure 7(f), the Court may direct the Government to file a bill of particulars.  Fed. R. Crim. P. 7(f).  The decision whether to grant or deny a motion for a bill of particulars is within the sound discretion of the trial court.  *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973).

The purpose of a bill of particulars is "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense."  *United States v. Schembari*, 484 F.2d 931, 934-935 (4th Cir. 1973) (citing *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969)).  It "is not to be used to provide detailed disclosure of the government's evidence in advance of trial."  *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) (citing *Anderson,* 481 F.2d at 690).  Instead, a bill of particulars "merely amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial."  *United States v.*

6

*Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (citations omitted). If "the indictment adequately details the charges, or the information requested is otherwise available, then no bill of particulars is required." *United States v. Esquivel*, 755 F. Supp. 434, 436 (D.D.C. 1990) (citation omitted).

    B.    <u>Analysis</u>

        1.    <u>Dates and Specific Time</u>

Duodo contends that he is entitled to a bill of particulars because the indictment fails to identify the period of time during which he was allegedly involved in the heroin conspiracy. Courts have held that information concerning the time period during which a defendant is alleged to have been knowingly involved in a conspiracy is not essential to effective preparation for trial. *See United States v. Fiel*, No. 3:10cr170-6, 2010 WL 3385147, at *2 (E.D. Va. Aug. 20, 2010) (finding the dates of conspiracy offenses, including the date that the defendant entered the conspiracy, nonessential); *United States v. Stroop*, 121 F.R.D. 269, 273 (E.D.N.C. 1988) ("Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial.") (citation omitted). "Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required in the indictment." *United States v. Guild*, No. 1:07cr404, 2008 WL 110455, at *3

(E.D. Va. Jan. 8, 2008) (quoting *United States v. Smith*, 441 F.3d 254, 261 (4th Cir. 2006)).

The superseding indictment includes six counts and runs seventeen pages.  Count One alleges conspiracy to import heroin, and reveals the date and location of the overt act allegedly perpetrated by Duodo in furtherance of the conspiracy.  Moreover, during oral argument, the Government represented that it has opened its files to Duodo and made extensive discovery available to him and his co-defendants.  Accordingly, the Court concludes that Duodo has been given sufficient information to mount an effective defense.  *See United States v. Butler*, 822 F.2d 1191, 1193-94 (D.C. Cir. 1987) (affirming district court's denial of motion for bill of particulars where indictment did not state time at which defendant entered and exited alleged conspiracy, but did recount dates of overt acts); *Schembari*, 484 F.2d at 935 (upholding the trial judge's denial of a bill of particulars because "the underlying objectives of a Rule 7(f) motion were fully satisfied by the government's voluntary disclosure of its file").

2. Knowledge

Duodo next argues that a bill of particulars is warranted because the indictment fails to allege whether and how he knew that he was in possession of heroin.  The superseding indictment clearly alleges the elements of knowledge and intent

as to Counts One, Four, and Six. The Government's *theory* of Defendant's knowledge, however, need not be revealed in an indictment. *See United States v. Agostino*, 132 F.3d 1183, 1191 (7th Cir. 1997); *see also United States v. Taylor*, No. 3:04cr227, 2005 WL 2298170, at *4 (E.D. Va. Sept. 21, 2005) (denying request for bill of particulars that would have forced the Government to disclose the manner in which it would prove the charges or preview its theory of the case) (citation omitted). Duodo has been provided with a concise statement of the elements of the offenses he allegedly committed, and has sufficient facts so that he is aware of the charges against which he must defend. For these reasons, the Court denies Defendant's request for information concerning the knowledge element of the counts with which he has been charged.

**IV. Motion for Disclosure of Co-Conspirators**

Duodo also requests that the Government disclose the identities of any and all unnamed co-conspirators. Whether the Government must furnish the names of co-conspirators to a defendant lies within the trial court's discretion. *See United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985) (finding no abuse of discretion in denial of motion for bill of particulars seeking the names of persons that the Government alleged to be in the conspiracy). Where an indictment, as here, sets forth the discrete acts evidencing a defendant's

9

involvement in a conspiracy, courts have held that the identities of co-conspirators need not be revealed. *See United States v. Frye*, No. 5:01-CR-30058, 2002 WL 385574, at *2 (W.D. Va. Feb. 20, 2002). Duodo fails to explain how the disclosure of "any and all" unnamed co-conspirators is essential to an effective defense or necessary to avoid unnecessary surprise. Accordingly, Duodo's motion for disclosure of co-conspirators is denied.[2]

### V. Motion to Exclude Polygraph Evidence

On September 12, 2011, defense counsel for Akwei informed attorneys for the United States that his client had taken a polygraph examination in connection with this case. [Dkt. 75.] The Fourth Circuit has long recognized that polygraph evidence is inadmissible at trial. *See United States v. Dotson*, 324 F.3d 256, 261 (4th Cir. 2003). During oral argument, defense counsel conceded that polygraph evidence should be excluded. Thus, the Court grants the Government's motion and orders that all polygraph references and results shall be excluded from trial. Defense counsel for Akwei shall

---

[2] In his reply, Duodo asserts that one of the co-conspirators whose identity he seeks is an informant – namely, the courier who delivered the carry-on bag of heroin to him on February 21, 2011. Applying the balancing test set forth in *Roviaro v. United States*, 353 U.S. 53 (1957), courts have been more willing to require disclosure of an informant's identity where he is an active participant in the alleged misconduct. *See McLawhorn v. North Carolina*, 484 F.2d 1, 5 (4th Cir. 1973). During oral argument, the parties stated that the identity of the courier had been revealed to Duodo. Duodo identifies no other informant with information relevant to his charges.

10

admonish his client that no such reference shall be made at trial.

## VI. Conclusion

For these reasons, the Court will deny the Motion to Sever and/or for Continuance, the Motion for Bill of Particulars, and the Motion for Disclosure of Co-Conspirators. The Court will grant the Government's Motion to Exclude Polygraph Evidence.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| October 13, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |