IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
UNITED STATES OF AMERICA,     )
                              )
        v.                    )
                              )  1:11cr199 (JCC)
THEOPHILUS AKWEI,             )
                              )
    Defendant.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Theophilus Akwei's Motion to Set Aside Jury Verdict in Part and for New Trial [Dkt. 196] and the Government's Motion for Preliminary Order of Forfeiture [Dkt. 270].  For the following reasons, the Court will deny Defendant's motion and grant the Government's motion.

### I.  Background

Defendant was allegedly involved in a conspiracy to smuggle quantities of heroin on commercial airliners traveling from Ghana to the United States.  He was arrested on February 21, 2011 after picking up a 988-gram quantity of heroin from a courier outside of a hotel in Northern Virginia.  (Def.'s Mot. [Dkt. 196] at 7; Gov't Opp. [Dkt. 199] at 3-4.)  The charge against him was dismissed without prejudice on March 18, 2011. (Def.'s Mot. at 7.)  Defendant was re-arrested at his home on

July 14, 2011, in connection with the alleged conspiracy. (*Id.*) On August 24, 2011, a federal grand jury returned a superseding indictment charging Defendant with conspiracy to import heroin in violation of 21 U.S.C. § 963 (Count One), distribution for purpose of unlawful importation of heroin in violation of 21 U.S.C. §§ 959(a) and 960 (Count Four), and possession with intent to distribute heroin in violation of 21 U.S.C. § 841. (Superseding Indictment [Dkt. 63] at 4-11, 14, 16.) Included in the superseding indictment was a forfeiture notice informing Defendant and his co-defendants that if convicted of the violations charged, "they shall forfeit to the United States any property constituting or derived from any proceeds the defendants and their co-conspirators obtained directly or indirectly, as the result of such violations, or substitute assets therefor, up to and including a sum of money equal to $810,000." (Superseding Indictment at 17.) This amount included the estimated value of the heroin and any of the defendants' property used, or intended to be used, in any manner or part, to commit or facilitate the commission of the offense of conviction. (*Id.*)

A jury trial commenced on January 31, 2012. At trial, the Government presented evidence concerning the circumstances of Defendant's arrest in July 2011. Specifically, the jury heard testimony which revealed that as law enforcement

2

approached the front of Defendant's house, Defendant attempted to exit the rear of the house.  Over Defendant's objection, the Court instructed the jury that it could weigh Defendant's attempted flight as evidence of a guilty conscience.  On February 2, 2012, the jury convicted Defendant on all three counts with which he was charged.  [Dkt. 194.]  As to Count One, the jury returned a special verdict finding that Defendant conspired to import, possess on board an airplane, or distribute one kilogram or more of heroin.  (*Id.*)

On February 16, 2012, Defendant filed a Motion to Set Aside Jury Verdict in Part and for New Trial, in which he challenges the jury's finding as to drug quantity and the jury instruction on flight.  [Dkt. 196.]  The Government filed its opposition on March 1, 2012.  [Dkt. 199.]  On May 7, 2012, the Government filed a Motion for Preliminary Order of Forfeiture, in which it seeks a $5,000 money judgment against Defendant and forfeiture of $3,200 which was seized from Defendant's house during the July 2011 arrest.  [Dkt. 270.]  Defendant submitted an opposition on May 9, 2012 [Dkt. 271], to which the Government replied on May 10, 2012 [Dkt. 273].  Defendant's Motion to Set Aside Jury Verdict in Part and for New Trial and the Government's Motion for Preliminary Order of Forfeiture are before the Court.

## II. Standard of Review

### A. <u>Motion to Set Aside Jury Verdict in Part</u>

Federal Rule of Criminal Procedure 29(c) provides, in relevant part, "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). Where such a motion is based on "insufficiency of the evidence, the conviction must be sustained if the evidence, when viewed in the light most favorable to the Government, is sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

When ruling on a Rule 29(c) motion, the court should only consider the sufficiency of the evidence presented in that trial, not what evidence is likely to be admitted or excluded in a future trial. *United States v. Mackins*, 32 F.3d 134, 138-39 (4th Cir. 1994). The court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). Furthermore, the court is not entitled to weigh the evidence or assess the credibility of witnesses, "but must assume that the jury resolved all contradictions in favor of the Government." *Romer*, 148 F.3d at 364.

B.  Motion for a New Trial

Federal Rule of Criminal Procedure 33 provides, in relevant part, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Fourth Circuit instructs that a court "should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." *United States v. Smith*, 451 F.3d 209, 216-17 (4th Cir. 2006) (citation omitted). Although a court addressing a Rule 33 motion "is not constrained by the requirement that it view the evidence in the light most favorable to the government," such a motion should only be granted when "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).

C.  Motion for Preliminary Order of Forfeiture

Pursuant to Federal Rule of Criminal Procedure 32.2, as soon as practical after a verdict or a finding of guilty on any count in an indictment regarding which criminal forfeiture is sought, the court "must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). If the government seeks a personal money judgment, the court "must determine the amount of money that the

5

defendant will be ordered to pay." *Id.* If the government seeks forfeiture of specific property, the court "must determine whether the government has established the requisite nexus between the property and the offense." *Id.* The court's determination may be based on evidence already in the record and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). The burden is on the Government to prove the requisite nexus by a preponderance of the evidence. *United States v. Tanner*, 61 F.3d 231, 235 (4th Cir. 1995). Once the Government has met its burden, forfeiture is mandatory. *United States v. Monsanto*, 491 U.S. 600, 607 (1989).

### III. Analysis

Defendant raises two arguments in his motion. First, Defendant contends that insufficient evidence was presented at trial to support the jury's finding of a drug quantity of one kilogram or more as to Count One. Second, Defendant argues that he is entitled to a new trial because there was insufficient evidence to support a jury instruction on flight. The Court will address each argument in turn and then address the Government's motion.

    A. <u>Drug Quantity</u>

The Court concludes that there was sufficient evidence for a rational trier of fact to attribute one kilogram or more

of heroin to Defendant.  As the Court explained in its jury instructions, a defendant is accountable for the quantity of drugs that he personally distributed or imported, aided or abetted others in distributing or importing, or could reasonably foresee that others would distribute or import during and in furtherance of the conspiracy.  *See United States v. Collins*, 415 F.3d 304, 314 (4th Cir. 2005).

As an initial matter, the suitcase that Defendant picked up in connection with the February 2011 shipment of heroin by itself contained 988 grams.  Thus, in attributing one kilogram or more of heroin to Defendant, the jury had to find that he was responsible for just twelve more grams.  At trial, the Government presented evidence that the instant conspiracy involved three shipments of heroin in addition to the February shipment.  Two of these shipments exceeded one kilogram of heroin and the third weighed approximately one kilogram.

Defendant argues there was insufficient evidence that he participated in or had knowledge of any heroin trafficking beyond the February shipment.  However, at trial the Government presented recorded telephone conversations between a confidential informant named "Tony" and a co-conspirator, Frank Ehiobu, in which Ehiobu stated that Defendant ran "errands" for him including collecting and dropping off money.  (Gov't Trial Ex. 7-S.T.)  According to Tony's trial testimony, these

conversations related to heroin trafficking.  When construed in a light most favorable to the Government, these conversations demonstrate that Defendant was sufficiently involved in the instant conspiracy such that he could reasonably foresee that he and his co-conspirators would distribute or import one kilogram or more of heroin.  *See United States v. Price*, 155 F.3d 563, 1998 WL 390572, at *6 (4th Cir. June 26, 1998) (unpublished table decision) ("[T]he uncorroborated testimony of a single witness may be sufficient to survive a Rule 29 motion . . . even when the single witness happens to be the defendant's former accomplice in crime").  For these reasons, the jury's finding as to drug quantity was supported by substantial evidence and Defendant's Motion to Set Aside the Jury Verdict in Part is denied.

B.  Flight Instruction

The Court also finds that its jury instruction regarding flight was properly supported by the evidence introduced at trial.  A jury's consideration of evidence of flight "requires that it be able, from the evidence, to link such flight to consciousness of guilt of the crime for which the defendant is charged."  *United States v. Obi*, 239 F.3d 662, 665 (4th Cir. 2001).  This in turn requires evidence supporting all the inferences in the causal chain between flight and guilt. *Id.*  To establish the causal chain, there must be evidence that

the defendant fled or attempted to flee, which supports the inferences that "(1) the defendant's flight was the product of consciousness of guilt, and (2) his consciousness of guilt was in relation to the crime with which he was ultimately charged and on which the evidence is offered." *Id.*

Both of these elements were supported by the evidence presented at trial. First, there was evidence which demonstrated that Defendant attempted to flee from law enforcement at the time of his July 2011 arrest. Trial testimony revealed that as agents approached and pounded on the front door of Defendant's house, Defendant attempted to exit the rear of the house, taking a step or two until ordered to stop. Although Defendant told the agents that he was leaving his house to go to work, he was not dressed for work. In his motion, Defendant claims that he was going to go to work later in the day, but that he and his wife had immediate plans to pick up his mother-in-law at the time of his arrest. However, Defendant and his wife did not attempt to exit the house together. Rather, Defendant's wife was escorting agents through the house at the time Defendant attempted to exit. As such, there was evidence presented at trial that Defendant attempted to flee at the time of his arrest.

Second, evidence at trial supported the inference that Defendant's flight was linked to consciousness of guilt, and

9

that Defendant's consciousness of guilt related to the charged offense. Defendant was initially arrested for his role in the instant conspiracy in February 2011. In March 2011, the charge against Defendant was dismissed without prejudice and he was released from custody. Defendant points out that the arrest circumstances at issue did not arise until five months after his original arrest and nearly four months after his release from custody. However, in *United States v. Henley*, 386 F. App'x 370, 376 (4th Cir. 2010), the Fourth Circuit held that the district court did not abuse its discretion in giving a flight instruction where the defendant's flight occurred several months after the conduct relevant to the charged offenses. In *Henley*, the defendant had told police during an interview that he learned he was under investigation for participation in some robberies (*i.e.*, the charged offenses) prior to his attempted flight. *Id*. Here, Defendant likewise knew that his involvement in the instant conspiracy was under investigation -- by virtue of his February 2011 arrest and subsequent placement in custody. Defendant does not suggest that he was under investigation for any other offense during the relevant timeframe. Thus, there was ample reason to infer that Defendant's attempted flight was prompted by a guilty conscience concerning the offenses for which he was ultimately tried. Accordingly, the Court's flight

instruction was supported by the evidence and Defendant's Motion for a New Trial is denied.

    C.    <u>Preliminary Order of Forfeiture</u>

A district court may order the forfeiture of "(1) proceeds obtained as a result of the crime for which a defendant was convicted or (2) property used or intended to be used to commit or to facilitate the commission of the crime for which a defendant was convicted." *United States v. Herder*, 594 F.3d 352, 363-64 (4th Cir. 2010) (citing 21 U.S.C. § 853(a)). In order to make the forfeiture determination, the Court must determine whether the Government has "established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). That is, "the government must establish that there was a substantial connection between the property to be forfeited and the offense" where the government's theory for forfeiture is that "the property was used to commit, or to facilitate the commission of, the offense of conviction." *Herder*, 594 F.3d at 364. In cases involving conspiracy, each co-conspirator may be held jointly and severally liable for the forfeiture of proceeds substantially connected to the conspiracy. *See United States v. Jalaram, Inc.*, 599 F.3d 347, 351 (4th Cir. 2010).

Here, the Government seeks a $5,000 money judgment against Defendant. At trial, the Government elicited testimony

that during the course of the conspiracy, the street value of heroin was $70,000 to $120,000 per kilogram.  Evidence was also adduced that the instant conspiracy was responsible for four shipments of heroin to the United States, which totaled approximately 4.6 kilograms in weight.  In addition, "Emma," the courier involved in the February 2011 shipment, testified that he was offered $15,000 per kilogram to transport heroin and that this was a standard fee.  Defendant was likewise tasked with transporting heroin -- to local distributors after the shipment arrived in the United States.  Based on the scope of the conspiracy, the price of heroin during the relevant timeframe, and Defendant's role in the conspiracy, the requisite nexus between the $5,000 money judgment sought and Defendant's offense is easily established.

The Government also seeks the forfeiture of $3,200 seized from Defendant's house during his July 2011 arrest. Defendant objects that there is no evidence connecting this money to the conspiracy.  However, "when the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property."  *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006); *see also United States v. McHan*, 345 F.3d 262, 268 (4th Cir. 2003) ("If any of the forfeitable property cannot be located by the government, . . . the court must, pursuant to

[21 U.S.C.] § 853(p), order the forfeiture of 'substitute property' of the defendant up to the value of the forfeitable property.") The Government represents that the $3,200 seized from Defendant's house is the only asset of Akwei that can be located. Thus, the Government need not show that the $3,200 is traceable to the conspiracy; rather, the money is subject to forfeiture as a substitute asset. Accordingly, the Government's Motion for Preliminary Order of Forfeiture is granted.

### IV. Conclusion

For these reasons, the Court will deny Defendant's Motion to Set Aside Jury Verdict in Part and for New Trial and grant the Government's Motion for Preliminary Order of Forfeiture.

An appropriate Order will issue.

|  |  |
|---|---|
|  | /s/ |
| May 22, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |